On the Merits.
The plaintiffs allege that they are the owners of a tract of land in the parish of Lafayette. It is described as section 62, township 8 south, range 5 east, and contains three hundred and twenty arpents. More than seventy years ago William Luix, alias Guillaume, and his wife, Franeoise Masé, were in possession of this land.
The former acquired it from the government of the United States.
They left five heirs, born of their marriage, viz: Etienne, Pierre, Oelestin, Simon and Felicite Luix.
Etienne, Pierre and Oelestin died without issue.
Franeoise Scandron, wife of Noel Moral, inherited from Felicite Luix.
Franeoise Scandron was the illegitimate daughter of the latter, but was acknowledged, as shown by a certificate of baptism in evidence.
She had other illegitimate children. The record does not disclose that they were ever acknowledged by her.
*844 No further mention will be made of them, as they have never been acknowledged. After the death of Felicite, her daughter, Francoise Scandron, wife of Noel Moral, was in possession.
After the death of the latter, her daughter Aspasie, wife of Philogene Simon, mother of the plaintiffs, went into possession of this land and retained possession to the day of her death. The record discloses that her possession began more than thirty years ago.
Not many years'after the death of Aspasie, her children, the plaintiffs, brought this suit against the defendants.
Judgments were pronounced in favor of the plaintiffs, from which the defendants appeal.
The plaintiffs claim by inheritance.
The defendants by inheritance, also by purchase.
In August, 1882, one of the defendants, Romain Frances, bought the upper portion of the land; at the same time Mrs. Zenon J. Broussard, another defendant, bought the remainder from Simon Luix’s succession.
It is not known that Simon Luix, brother of Felicite Luix, and son' of William Luix and Francoise Mase, ever claimed the entire tract of land in controversy.
In 1882, it was sold at public auction as his property.
It was at this sale that Frances and Mrs. Broussard became the adjudícateos, and from that time the contest arose in regard to the title.
The former afterward sold a part of the tract bought by him to Philosie Richard and the remainder to Thelismer Richard.
This was in August, 1882.
Mrs. Broussard sold to Ovide Saunier a part of the land and to C. Broussard and others, and, still owns a part. The number of claimants, owing to the sales made by Broussard and Frances, became numerous, and they succeeded in obtaining possession after 1882.
It can not be questioned that the land was inherited in equal portion by Simon Luix and Felicite Luix, the son and daughter of William Luix and Francoise Mase.
Etienne, Celestin and Pierre Luix, other sons of these last named, having died childless, Simon and Felicite inherited in equal portion from them.
This condition of inheritance can be changed only by legal evidence. None such is disclosed in the record.
*845 On the part of defendants a number of deeds have been introduced in evidence. None showing legal divestiture of title.
Some of them do not describe lands which can be identified.
In one of the deeds, relied upon by the defendants, two separate tracts are described and the boundaries are not those of the land claimed.
Similar difficulties present themselves with reference to a copy of a deed executed before Judge Brashear in August, 1834.
Two deeds under sous seing privé have been introduced in evidence.- They were not authenticated, nor the least evidence offered to support them. The vendor and vendees who were parties to these last mentioned sales, to prove their genuineness, made their mark, as they could not sign. One witness signed one of these deeds; the other, only the vendor and vendee, no witnesses signed.
Defendants contend that the author of their title, Simon Luix, was the heir of Felicite Luix. That it should be so decreed, and their title quieted. That as Francoise Scandron, the daughter of Felicite Luix, was illegitimate, Simon, her brother, should inherit from the succession of his sister to the exclusion of her daughter.
Francoise Scandron’s right to inherit was never questioned before the pendency of this suit. She was in possession many years as an heir.
At this date we will not change the order of inheritance.
While examining this case we have been reminded of the uncertainty of oral testimony when witnesses testify as to occurrences of mañy years ago.
We will not on that testimony, in this instance, decree that the brother is legitimate and should, inherit from his sister to the exclusion of his acknowledged niece, her daughter, although the acknowledgment may not be entirely formal.
The defendants contend that Simon Luix inherited the land from his sister, Felicite Luix, who died without legitimate issue.
This is an admission that she was once the owner, at least, of one-half as an heir.
That she once owned half as an hier can not be reasonably denied.
With reference to possession, we will state that the possession of the authors of plaintiffs’ title is not proven to have been public and uninterrupted as owners.
We will not therefore hold that Felicite Luix and those who sue *846 ceeded her as owners acquired title to the whole tract by prescription of thirty years, but we feel confident, in the conclusion, that she owned half by inheritance, which is now owned by plaintiffs.
We do not give the importance to the possession of Felicite Luix and those who have possessed since, that the learned judge of the court a qua has given. It is not sufficient of itself to maintain title. The land was undoubtedly at one time the property of Simon Luix and Felicite Luix.
In the absence of sufficient evidence to show transfer, we maintain the joint ownership. Joint owners can not acquire title against each other by prescription.
It is ordered, adjudged and decreed that the judgment appealed from be amended by recognizing plaintiffs’ title as the owners of the undivided half of the property, viz: Section 62, township 8 south, range 5 east, Louisiana meridian; and defendants are condemned to deliver up possession of the half of said land to plaintiffs, or as much thereof as they may have possession or are warrantors of. The sales made by these defendants of this land are declared null and void to the .extent of one undivided half, and defendants’ prayer to annul the act of sale of 1882 made to Broussard and Frances, in so far as relates to one-half, is denied.
As amended, judgment appealed from is affirmed at appellee’s costs.